# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

UNITED STATES OF AMERICA                             PLAINTIFF

v.                              CRIMINAL ACTION NO. 3:11-CR-00069-TBR

JUSTIN MCGIMSEY                                            DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Defendant Justin McGimsey's *pro se* "Motion for Reduction of Sentence and for Other Relief Pursuant to the First Step Act of 2018" (DN 58). Fully briefed, this matter is ripe for adjudication. For the reasons set forth below, the Court will deny this motion.

### I.

On August 27, 2012, McGimsey pleaded guilty to possessing and transporting child pornography in violation of federal law. On March 4, 2013, the Court sentenced McGimsey to a 96-month term of imprisonment, to be followed by a 10-year term of supervised release. McGimsey is currently projected for release from incarceration on August 13, 2019.

### II.

The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 ("the FSA" or "the Act") was signed into law on December 21, 2018. The FSA implements certain reforms to the criminal justice system. Pursuant to the Act, McGimsey seeks an order reducing his sentence; directing the Federal Bureau of Prisons (BOP) to immediately recalculate his sentencing credits and apply them to his supervised release and home confinement dates; and directing the BOP to immediately release him to home confinement. The Court will address each request in turn, in light of the provisions of the FSA.

### A. Reduction in Sentence

At the beginning of his motion, McGimsey generally requests that the Court reduce his sentence pursuant to the Act. The United States argues that nothing in the FSA calls for a reduction in sentences for offenders convicted of child pornography offenses. The Court agrees. The FSA effectively makes the provisions of the Fair Sentencing Act of 2010 retroactive to defendants who were sentenced prior to August 3, 2010. This means that it allows courts to reduce the sentences of defendants with crack cocaine convictions as if the Fair Sentencing Act were in effect at the time a defendant's offense was committed. *See* Section 404(a) of the FSA (Application of Fair Sentencing Act). Because McGimsey does not have a crack cocaine conviction, the Court does not have jurisdiction to reduce his sentence under the FSA.

### B. Recalculation of Good-Time Credits

The Court next turns to McGimsey's request that the Court direct the BOP to award him "sentencing credits" in accordance with the provisions of the FSA. Section 102(b)(1) of the FSA amended 18 U.S.C. § 3624(b) to change the manner in which such credits are calculated by increasing the maximum allowable good-conduct time from 47 to 54 days per year. According to McGimsey, this means that he is entitled to a supervised release start date of June 18, 2019, and that he became eligible for home confinement on December 18, 2018.

In its response, the United States argues that this provision of the FSA is not yet in effect. It specifically points to Section 102(b)(2) of the FSA, which provides that the amendments made in Section 102(b) of the Act take effect only when the Attorney General completes the "risk and needs assessment system" required by Section 101(a) of the Act. Section 101(a) does not require completion of the system until 210 days after the Act's enactment. Thus, the United States argues that Section 102(b)(1) will not take effect until approximately July 2019.

And, indeed, several courts have rejected arguments like the one made by Defendant, which is that he is entitled to the immediate recalculation of good-time credits since his release date is imminent, because the relevant provisions of the FSA have not yet gone into effect. *See, e.g.*, *United States v. Smith*, No. 1:14CR232, 2019 U.S. Dist. LEXIS 64232, at *3 n.1 (N.D. Ohio Apr. 19, 2019); *Johnson v. Bureau of Prisons*, No. 4:19-CV-224-O, 2019 U.S. Dist. LEXIS 62448, at *4 (N.D. Tex. Apr. 11, 2019); *United States v. Powell,* No. 5:11-cr-75-JMH-1, 2019 U.S. Dist. LEXIS 60012, at *5-6 (E.D. Ky. Apr. 8, 2019); *Roy v. United States Bureau of Prisons*, No. 2:19-CV-59-RMP, 2019 U.S. Dist. LEXIS 56064, at *3-4 (E.D. Wash. Apr. 1, 2019); *Nichols v. Burch*, No. CV 19-00076-TUC-RM (BGM), 2019 U.S. Dist. LEXIS 41595, at *3-4 (D. Ariz. Mar. 12, 2019); *Sheppard v. Quintana*, No. 5:19-084-DCR, 2019 U.S. Dist. LEXIS 37297, at *4-5 (E.D. Ky. Mar. 8, 2019); *Molina v. Underwood*, No. 3:19-CV-641-K-BN, 2019 U.S. Dist. LEXIS 61707, at *3-4 (N.D. Tex. Mar. 19, 2019), *report and recommendation adopted*, 2019 U.S. Dist. LEXIS 60712 (N.D. Tex. Apr. 9, 2019); *Kornfeld v. Puentes*, No. 1:19-CV-00263-JLT (HC), 2019 U.S. Dist. LEXIS 33298, at *7 (E.D. Cal. Mar. 1, 2019) (findings and recommendation).

However, even if McGimsey's request for the recalculation of his sentencing credits was not premature, the Court could not grant Plaintiff the relief he seeks because federal district courts do not determine the appropriate credit for time spent in official detention. *United States v. Wilson*, 503 U.S. 329, 333 (1992). Instead, this responsibility lies with the Attorney General who has delegated the authority to the BOP. *See* 28 C.F.R. § 0.96 ("The Director of the Bureau of Prisons is authorized to exercise or perform the authority, functions, or duties conferred or imposed upon the Attorney General by any law relating to the commitment, control, or treatment of persons . . . charged with or convicted of offenses against the United States . . . ."); *see also*

*Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992) ("Courts have original jurisdiction over imposition of a sentence. The Bureau of Prisons is, however, responsible for computing that sentence and applying appropriate good time credit."). Once a prisoner has exhausted his administrative remedies with the BOP, he may then file a habeas petition pursuant to 28 U.S.C. § 2241. *See Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004) (holding that a challenge to the computation of meritorious good-time credits is properly brought under § 2241) (citing *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979)); *see also United States v. Parrett*, No. 01-CR-168-JPS, 2019 U.S. Dist. LEXIS 65113, at *4 (E.D. Wis. Apr. 11, 2019) "[W]hen the good-time provisions of the [First Step Act] do go into effect, the proper vehicle for [the prisoner] to use to request relief (after exhausting administrative remedies) would be a petition for habeas corpus under . . . § 2241."); *Rizzolo v. Puentes*, No. 1:19-CV-00290-SKO (HC), 2019 U.S. Dist. LEXIS 42957, at *4 (E.D. Cal. Mar. 15, 2019) (findings and recommendation) (reasoning that prisoner properly brought claims under § 2241 based on BOP's purported failure to calculate his sentence in light of the First Step Act). However, the proper venue for a § 2241 petition is the judicial district where the prisoner is confined or his custodian is located. *Braden v. 30th Judicial Circuit Ct.*, 410 U.S. 484, 495-96 (1973); *Roman v. Ashcroft*, 340 F.3d 314, 318-20 (6th Cir. 2003); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) (holding that, as a general rule, jurisdiction for a § 2241 petition "lies in only one district: the district of confinement").

### C. Immediate Release to Home Confinement

Finally, the Court turns to McGimsey's argument that the Court should order the BOP to immediately release him to home confinement under Section 602 of the FSA. Section 602 amended 18 U.S.C. § 3624 as follows:

> (2) Home confinement authority.--The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months. **The Bureau of Prisons shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph**.

18 U.S.C. § 3624(c) (emphasis added). Thus, "it is the BOP - and not the courts - who decides whether home detention is appropriate" under the FSA. *United States v. Yates*, No. 15-40063-01-DDC, 2019 U.S. Dist. LEXIS 68229, at *11 (D.C. Kan. Apr. 23, 2019). This statutory language also makes clear that the BOP's authority to release a prisoner to home confinement is discretionary, because it provides that "the authority . . . may be used . . ." to place prisoners on home confinement "to the extent practicable." Moreover, as with good-time credits, should McGimsey ultimately seeks review of this decision on constitutional grounds, he must first exhaust his remedies with the BOP and then seek relief by filing a § 2241 habeas corpus petition. *See, e.g.*, *Austin v. Woods*, No. 2:19-CV-7-WHA, 2019 U.S. Dist. LEXIS 84531) (M.D. Ala. May 17, 2019) (holding that a prisoner challenging the BOP's denial of home confinement under the FSA must exhaust his administrative remedies before seeking habeas relief under § 2241); *Smith v. Streeval*, No. 0:19-005-HRW, 2019 U.S Dist. LEXIS 22261, at *4-5 (E.D. Ky. Feb. 12, 2019) (same) (citing *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013); *Schmutzler v. Quintana*, No. 5:19-046-DCR, 2019 U.S. Dist. LEXIS 26433 (E.D. Ky. Feb. 20, 2019) (same).

### III.

For the foregoing reasons, **IT IS HEREBY ORDERED** that McGimsey's motion brought pursuant to the First Step Act (DN 58) is **DENIED**.

Date: June 6, 2019

cc: Defendant, *pro se*
    Counsel of Record
4413.011

*Thomas B. Russell*

Thomas B. Russell, Senior Judge
United States District Court